UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARRYL WILLIAMS,

                Plaintiff,

                                                  **MEMORANDUM & ORDER**
  -against-                                                 12-CV-2956 (RRM)

POSSESSIONS COURT;
EASTERN DISTRICT OF NEW YORK,

                Defendants.
----------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge:

On June 11, 2012, plaintiff Darryl Williams, filed this *pro se* action. The Court grants Plaintiff's request to proceed *in forma pauperis* and Plaintiff's Complaint is DISMISSED as set forth below.

## BACKGROUND

Plaintiff's entire statement of claim consists of the following:

> The Eastern District Court reserved the right to withhold my patent in the courts custody 1968. In the Supreme court possessions court which was the Eastern District court. Then I seen a Judge and he demanded custody of the patent papers.

(Compl. at ¶ III.) Attached to the complaint are copies of notes, statements, patents, photographs and diagrams. (Compl., Unmarked Exhibits.) It appears that plaintiff claims to have invented the Access-A-Ride transportation vehicle, but cannot find the patent which would prove this and somehow thinks this Court is in possession of his patent. On April 26, 2011, plaintiff filed a claim alleging that his patent papers were placed in a vault at the federal courthouse which the Court dismissed. *See Williams v. Federal District Court*, 11-CV-2076 (RRM), slip. op. (E.D.N.Y. May 4, 2011), *aff'd*, Mandate No. 11-3174-cv (2d Cir. June 12, 2012).

## STANDARD OF REVIEW

In reviewing the Complaint, the Court is aware that Plaintiff is proceeding *pro se* and that "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is obliged to construe Plaintiff's pleadings liberally and interpret them as arising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting 28 U.S.C. § 1915(d), now renumbered as § 1915(e)(2)(B)).

## DISCUSSION

After construing Plaintiff's pleadings liberally and interpreting them as raising the strongest arguments they suggest, the Court finds that Plaintiff's allegations rise to the level of the irrational and that there is no legal theory on which he may rely. *Livingston*, 141 F.3d at 437. Similar to his prior action, nothing in Plaintiff's complaint states a valid cause of action.

Plaintiff alleges that this Court "reserved the right to withhold [his] patent" and that a "Judge . . . demanded custody of the patent papers." (Compl. at ¶ III.) Although Plaintiff attaches copies of diagrams and patents, none of them are attributed to him. In any event, there are no court records indicating that plaintiff has ever filed a patent claim or any other type of claim here (other than his prior similar claim in 11-CV-2076 (RRM)) or that this Court is in possession of his purported patent. As this is Plaintiff's second similar action, the Court warns Plaintiff to refrain from filing similar actions in this Court or he may be subjected to a filing injunction. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005); 28 U.S.C. § 1651(a).

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court declines to allow Plaintiff an opportunity to amend as there is no reason to think a valid claim might be stated. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff *pro se* and indicate the mailing on the electronic docket.

SO ORDERED.

Dated: June 21, 2012
     Brooklyn, New York

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge