UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARRYL WILLIAMS,

                Plaintiff,

-against-

POSSESSIONS COURT;
EASTERN DISTRICT OF NEW YORK,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-2956 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      By Memorandum and Order dated June 21, 2012 (Doc. No. 4), this Court dismissed the instant *pro se* action pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that "Plaintiff's allegations rise to the level of the irrational and that there is no legal theory on which he may rely." The Court also denied Plaintiff leave to amend his complaint as there was no reason to think a valid claim might be stated. Judgment entered accordingly. *See* Doc. No. 5.

      On July 3, 2012, Plaintiff submitted a letter motion for reconsideration. Upon a full review, that motion is DENIED.

      Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc. Sec. Litig.,* 04-CV- 4165 (ADS)(AKT), 244 F.R.D. 156, 2007 U.S. Dist. LEXIS

47405, at *7 (E.D.N.Y. June 29, 2007) (citation omitted). Reconsideration is, furthermore, justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). However, a court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved").

Applying this standard, Plaintiff's motion is wholly without merit. Plaintiff suggests that he has uncovered certain unspecified information on the internet to support his patent claim, but cannot provide it as he only has a cell phone photo of the materials. Plaintiff has also submitted an additional drawing and other information without explaining its relevance to his claims. Nothing in Plaintiff's submission on reconsideration demonstrates that Plaintiff's claims have any merit, or that this Court erred or committed manifest injustice in dismissing this action and denying Plaintiff leave to amend.

For these reasons, Plaintiff's letter motion for reconsideration (Doc. No. 6) is DENIED. The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      July 11, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge